UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAUREAN DWAYNE FLOWERS,

                    Plaintiff,                              Case Number 21-10841
                                                           Honorable David M. Lawson
v.

RUSSELL WAHTOLA, C.O. WILLIAMSON,
and LT. STEPHENSON,

                    Defendants.
_____/

## OPINION AND ORDER DISMISSING COMPLAINT

Plaintiff Taurean Dwayne Flowers, a Michigan prisoner incarcerated at the Charles Egeler Reception and Guidance Center in Jackson, Michigan, filed a complaint alleging that defendant Williamson, a prison guard, threatened to sexually assault him and that defendants Wahtola and Stephenson, also prison employees, failed to adequately respond to his complaints about the threat. Although not stated explicitly, the complaint appears to allege a violation of Flowers's civil rights, and the Court will consider it as attempting to present a claim under 42 U.S.C. § 1983. However, even with a generous reading, the complaint fails to state a claim that can support relief to Flowers and the Court must summarily dismiss it.

I.

Flowers alleges that on March 11, 2021, defendant Williamson, working at the prison as a corrections officer, verbally harassed him and pantomimed a sexual act with another corrections officer, telling Flowers, "this is how I'm going to do you." Flowers complained to defendant Stephenson, who told him to see a mental health professional. Stephenson told Flowers that a Prison Rape Elimination Act (PREA) complaint "isn't going to go through." Flowers also alleges

that defendant Inspector Russell Wahtola denied his grievance, did not review video footage of the incident, and refused to assign a PREA incident number, preventing him from filing a Step II PREA complaint.

## II.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss a prisoner's complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The same screening is required when the complaint seeks redress against government entities, officers, and employees. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A complaint filed by an unrepresented party is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, Federal Rule of Civil Procedure 8(a) requires that all complaints must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). This notice pleading standard does require not require detailed factual allegations, but it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

To state a federal civil rights claim, the plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state or federal law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Additionally, the plaintiff must allege that the deprivation of his rights was intentional, not merely negligent. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

In not so many words, Flowers's complaint can be read as alleging that defendant Williamson's conduct violated the Eighth Amendment. That Amendment prohibits punishment that is "barbarous" or contravenes society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). However, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Ibid*.

"Federal courts have long held that sexual abuse is sufficiently serious to violate the Eighth Amendment. . . . This is true whether the sexual abuse is perpetrated by other inmates or by

guards." *Rafferty v. Trumbull Cnty.*, 915 F.3d 1087, 1095 (6th Cir. 2019) (citing *Farmer v. Brennan*, 511 U.S. 825, 848-49 (1994) (discussing inmate abuse); *Bishop v. Hackel*, 636 F.3d 757, 761 (6th Cir. 2011) (same). In the context of claims against prison officials, however, the Sixth Circuit repeatedly has held that the use of harassing or degrading language by a prison official, although unprofessional and deplorable, does not rise to constitutional dimensions. *See Ivey*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits); *Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) (verbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim).

The Sixth Circuit has held that "isolated, brief, and not severe" instances of sexual harassment, without more, do not give rise to Eighth Amendment violations. *Jackson v. Madery*, 158 F. App'x 656, 662 (6th Cir. 2005) (finding that harassing comments, even coupled with one minor instance of sexualized touching during a search, fall short of an Eighth Amendment violation), *abrogated in other part by Maben v. Thelen*, 887 F.3d 252 (6th Cir. 2018); *Violett*, 76 F. App'x at 27 (an offer of sexual favors is not sufficient to state Eighth Amendment claim); *Johnson v. Ward*, No. 99-1596, 2000 WL 659354, at *1 (6th Cir. May 11, 2000) ("Johnson's allegation that Ward made an offensive sexual remark to him does not rise to the level of a constitutional violation [as such is merely verbal abuse]."). In contrast, the Sixth Circuit has held that ongoing, coercive verbal harassment may rise to sexual abuse that violates the Eighth Amendment. *Rafferty*, 915 F.3d at 1095.

Flowers's complaint describes a single incident with Williamson during which he verbally harassed and threatened Flowers with a sexual assault. Flowers does not allege that Williamson made physical contact with him, nor does he allege that the harassment or threats persisted after

the single incident.  Although Williamson's conduct as described in the complaint was crude and condemnable, it falls short of objectively serious conduct that is barred by the Eighth Amendment. Flowers, therefore, has not stated an Eighth Amendment claim against defendant Williamson.

Flowers also alleges that defendants Wahtola and Stephenson failed to respond adequately to his complaints against Williamson.  Government officials, however, may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior* or vicarious liability.  *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009).  A claimed constitutional violation must be based upon active unconstitutional behavior.  *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002).  Supervisory liability cannot be based upon the mere failure to act.  *Grinter*, 532 F.3d at 576; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).

Finally, section 1983 liability may not be imposed because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance.  *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).  "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676.  To be personally liable, the supervisory defendants must have authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.  *Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016); *Phillips v. Roane Cnty.*, 534 F.3d 531, 543 (6th Cir. 2008); *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995).

Flowers did not allege in his complaint that Wahtola or Stephenson authorized, approved, or knowingly acquiesced in the conduct of Williamson.  He only alleged that these two defendants

failed to respond adequately to his complaints and grievance, but those allegations are not sufficient to demonstrate that those defendants were involved personally in Williamson's misconduct. The plaintiff, therefore, fails to state a claim against Defendants Whatola and Stephenson.

III.

The plaintiff's complaint fails to state a claim for which relief may be granted as to any of the defendants.

Accordingly, it is **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson

DAVID M. LAWSON
United States District Judge

Date:   June 8, 2021